UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DERYL M. SMITH, JR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3058 |
| | ) | |
| WARDEN YOUNG, et al., | ) | |
|     Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Western Illinois Correctional Center, appears to pursue claims arising from a right rotator cuff injury. He appears to challenge a 60-day delay in being seen by a doctor and receiving prescribed pain medicine. He also seeks an x-ray to "find out what has been causing all the problems," though his "pain has resided to a bare minimum." (d/e 9, p. 3).

On February 29, 2012, the Court directed Plaintiff to clarify his claims and to clarify his statement that he filed his motion for preliminary injunction before exhausting his administrative remedies. In response, Plaintiff appears to maintain that he has received no response to his grievances except for his emergency grievance.

1

The Court is required to resolve the exhaustion issue before this case can proceed to discovery on the merits. Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008); 42 U.S.C. § 1997e(a). Once Defendants have appeared through counsel, discovery will be stayed except as to the exhaustion issue. Defendants will be directed to file a motion for summary judgment addressing whether Plaintiff exhausted his administrative remedies before filing this lawsuit.

IT IS THEREFORE ORDERED:

1) The merit review hearing scheduled for April 2, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a federal constitutional claim for deliberate indifference to his need for medical attention and pain medicine regarding his rotator cuff injury. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk

within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on May 7, 2012 at 10:00 a.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough. Plaintiff shall appear by video conference. Defense counsel shall appear in person. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

13) Plaintiff's "motion to amend complaint with further step of the exhausted process" (d/e 8) is granted to the extent he seeks to add information on the exhaustion issue.

14) Plaintiff's "motion for discovery" (d/e 10) is denied as premature. Plaintiff may refile his motion if the Court rules in his favor on the exhaustion issue.

15) Plaintiff's motion for leave to proceed in forma pauperis is denied (d/e 12) because Plaintiff is already proceeding in forma pauperis.

ENTERED: 03/22/2012
FOR THE COURT:

                                                      s/Sue E. Myerscough
                                                      SUE E. MYERSCOUGH
                                           UNITED STATES DISTRICT JUDGE